United States District Court
Southern District of Texas
**ENTERED**
June 24, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JORDAN NICHOLAS ALLEN, *on behalf of Mace Bryan Farek, deceased*, <br><br> Plaintiff. <br><br> V. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | § § § § § § § § § § § § § CIVIL ACTION NO. 4:23-cv-03980 |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Jordan Nicholas Allen ("Allen") seeks judicial review of an administrative decision denying the applications of his late husband, Mace Bryan Farek ("Farek"), for disability insurance and supplemental security income benefits under Titles II and XVI, respectively, of the Social Security Act (the "Act"). Before me are briefs filed by Allen and Defendant Martin O'Malley, the Commissioner of the Social Security Administration (the "Commissioner").[1] *See* Dkts. 12, 13. After reviewing the briefing, the record, and the applicable law, I recommend the Commissioner's decision be affirmed.

## BACKGROUND

Farek filed applications for disability insurance and supplemental security income benefits on May 20 and June 1, 2020, respectively, alleging disability beginning January 31, 2017. Farek's application was denied and denied again upon reconsideration. Farek requested a hearing before an Administrative Law Judge

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. O'Malley is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

("ALJ"), but died from a drug overdose before the hearing was held. Allen was substituted as a party on March 29, 2022. On August 9, 2022 an ALJ held a hearing. On August 31, 2022, the ALJ issued a decision, finding that Farek had not been under a disability. Allen requested the Appeals Council to review the ALJ's decision, and submitted new evidence for the Appeals Council's consideration. The Appeals Council refused to consider this new evidence, finding that it "does not show a reasonable probability that it would change the outcome of the decision." Dkt. 4-3 at 3. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to "(1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole." *Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quotation omitted). The Commissioner uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id*. Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's maximum capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id*.

## THE ALJ'S DECISION

At Step 1, the ALJ found that Farek had not engaged "in substantial gainful activity since January 31, 2017, the alleged onset date." Dkt. 4-3 at 16.

At Step 2, the ALJ found that Farek suffered from "the following severe impairments: thoracolumbar spondylosis; mild bilateral osteoarthritis of the hips; cirrhosis; umbilical hernia; and high blood pressure." *Id*.

At Step 3, the ALJ found that Farek "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments." *Id*. at 17.

Prior to consideration of Step 4, the ALJ determined that Farek "had the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)." *Id*.

At Step 4, the ALJ found that Farek "was capable of performing past relevant work as a property manager." *Id.* at 21. Accordingly, the ALJ found that Farek "was not disabled." *Id.* at 23.

## DISCUSSION

Allen is representing himself in this appeal and raises two issues for review: (1) the Appeals Council erred in refusing to consider new medical evidence showing that Farek's cirrhosis of the liver met or medically equaled the severity of a listed impairment; and (2) Farek "was disabled due to drug addiction." Dkt. 12 at 2 (emphasis removed). As explained below, neither argument is correct.

### A. THE ISOLATED FINDING OF ASCITES[2] WOULD NOT HAVE CHANGED THE OUTCOME

At Step 3, the ALJ found that Farek's "impairments of cirrhosis of the liver did not cause . . . ascites . . . as required by Listing 5.05." Dkt. 4-3 at 17. In relevant part, Listing 5.05 mandates a finding of disability if there is evidence of "[a]scites or hydrothorax not attributable to other causes [and] present on two evaluations within a consecutive 12–month period and at least 60 days apart." 20 C.F.R. Pt. 404, Subpt. P, App'x. 1, § 5.05(B). Allen contends the medical records he submitted to the Appeals Council "state 'cirrhosis of the liver with ascites,'" in contradiction to the ALJ's statement that Farek's cirrhosis did not cause ascites. Dkt. 1 at 1.

The medical records that Allen submitted do, in fact, show that on July 22, 2021, Farek was diagnosed with ascites. *See* Dkt. 4-3 at 69. But the record shows that is the *only* time that Farek was diagnosed with ascites. Listing 5.05 requires that ascites be found "on *two* evaluations." § 5.05(B) (emphasis added). Absent a second finding of ascites "within a consecutive 12–month period and at least 60 days" before or after the July 22, 2021 finding of ascites, Farek did not meet the

---

[2] Ascites "is a pathologic accumulation of fluid in the peritoneal cavity (ascites) or pleural space (hydrothorax). Ascites or hydrothorax may be diagnosed by removing some of the fluid with needle aspiration (paracentesis or thoracentesis), physical examination, or imaging. The most common causes of ascites are portal hypertension and low serum albumin resulting from [chronic liver disease]." 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 5.00(C)(2)(b).

requirements of Listing 5.05. *Id.* Because the isolated, July 22, 2021 finding of ascites would not have changed the outcome of the ALJ's decision, the Appeals Council did not err in refusing to consider the evidence Allen submitted.

**B.  DRUG ADDICTION IS NOT A DISABILITY**

Allen also argues that Farek "was disabled due to drug addiction." Dkt. 12 at 2 (emphasis removed). That may be true, but drug addiction is not itself a disability. To the contrary, "an individual shall ***not*** be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 1382c(a)(3)(J) (emphasis added). Allen "bears the burden of proving that drug or alcohol addiction is ***not*** a contributing factor material to [Farek's] disability." *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999) (emphasis added). Allen's concession that Farek's "remaining limitations would not be considered disabling" but for Farek's drug addiction demonstrates that the ALJ's decision was correct. Dkt. 12 at 2.

## CONCLUSION

For the reasons stated above, I recommend the Commissioner's decision be affirmed and this matter dismissed.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 24th day of June 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE